## WOODCOCK v. BALTIMORE & O. R. CO.

(Circuit Court, N. D. Ohio, E. D. April 15, 1901.)

### No. 6,106.

1. **ACTION AGAINST RAILROAD COMPANY—SERVICE OF SUMMONS—TICKET AGENT.**
    If the service of summons in an action against a railroad company appears to have been made on a regular ticket agent of defendant, it is sufficient, and he need not be employed on the line of the road to be regarded as such.

2. **FEDERAL COURTS—JURISDICTION OF REMOVED CAUSE—OBJECTION BY PARTY PROCURING REMOVAL.**
    Though the circuit court cannot acquire jurisdiction by original process issued therefrom in a controversy between citizens of different states unless defendant is a resident of the district, yet where defendant, pursuant to the statute of removal, has a cause removed from the state to the federal court on the ground of diverse citizenship of the parties without regard to the residence of defendant, the latter cannot thereafter object to jurisdiction on account of its nonresidence in the district.

Murray & Moonce, for plaintiff.
Arrel, McVey & Robinson, for defendant.

WING, District Judge. Motion has been filed for a rehearing of the motion to quash the service of summons issued from this court,

and an affidavit is filed in support of the motion. In behalf of the motion the mover contends that by the affidavit it appears that the summons was served upon a person who was not the regular ticket agent of the defendant. The summons was served upon George W. Squiggins. His affidavit, made on the 5th of March, states that he is the passenger and ticket agent of the Baltimore & Ohio Railroad Company and of the Cleveland Terminal & Valley Railroad Company, with his office in the city of Cleveland; and that as such passenger and ticket agent he has charge of the local ticket office in the city of Cleveland, Ohio, and of the passenger and ticket business in said city of Cleveland, and the vicinity thereof; and that the Baltimore & Ohio Railroad Company has no line within the county of Cuyahoga. In his affidavit of April 3d he further states that his principal business is to solicit and divert intended passenger traffic to the Baltimore & Ohio Railroad Company, and that his territory extends through all points covered by the Cleveland Terminal & Valley Railroad Company, between Cleveland, Ohio, and Valley Junction. These affidavits sufficiently disclose that the person upon whom the summons was served was a regular ticket agent of the defendant. It is not necessary that such ticket agent should discharge the duties of his employment upon the line of the road in order to be regarded as a regular ticket agent.

The further contention is made by the mover that this court has no jurisdiction of the cause, because the defendant is not a resident of this district. It appears by the record that the cause was commenced in the court of common pleas of Mahoning county; that summons was issued out of that court, and return made of defendant not found; that thereupon service was attempted to be made by publication. Petition for removal was filed, and the cause removed to this court. Motions to quash the service by publication, and also service in attachment and garnishment proceedings, were filed in this court, and granted. Thereupon the summons was issued out of this court, service of which was made upon Squiggins. Motion was then filed to quash this service of summons, which motion was overruled. Now a motion for the rehearing of such last-named motion, and also a renewed motion to quash, on the ground that the defendant is not a resident of the district are made. It is true that this court cannot acquire jurisdicion by original process issued out of this court in a controversy between citizens of different states, unless the defendant is a resident of the district. The statute for removal permits a defendant, although not a resident of the district, to have a cause removed from the state to the federal court on the ground, simply, that the defendant is a citizen of a different state from that of which the plaintiff is a citizen. The petition for removal filed in this case states the facts upon which the defendant rests its right to remove to be that the plaintiff is a citizen and resident of the state of Pennsylvania, and that the defendant is a citizen and resident of the state of Maryland. The fact that the defendant used the diverse citizenship of the parties, without regard to the residence of the defendant, as a ground of removal to this court, is a waiver of any objection to jurisdiction on account of the nonresidence of the district of the defendant. A defendant may not obtain removal on the alleged

ground that it is a citizen and resident of another state than that in which the court exists to which removal is sought, and, after it has procured removal, object to the jurisdiction on grounds that would be available against a plaintiff who had attempted to commence his suit in this court originally. This court may obtain jurisdiction by removal of causes of which it would not have jurisdiction by original process.

The motion for rehearing and the motion to quash are both overruled.